IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

EMERSON ELECTRIC CO.,
    a Missouri Company

    Plaintiff,

v.

ARK-LES CORPORATION,
    a Massachusetts Corporation

    Defendant.

FILED
April 2, 2007 4:25 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /_____/

1:07-CV-337
Wendell A Miles
Senior, US District Judge

## COMPLAINT

NOW COMES the Plaintiff, EMERSON ELECTRIC CO. (hereinafter sometimes referred to as "EMERSON"), by its attorneys HARNESS, DICKEY & PIERCE, PLC, and for its Complaint against ARK-LES CORPORATION (hereinafter sometimes referred to as "ARK-LES"), states as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the United States Code, Title 35, as amended, and particularly under 35 U.S.C. §§ 271, 283, 284, and 285.

### THE PARTIES

2. Plaintiff EMERSON is a Missouri company having a principal place of business located at 8000 West Florissant Avenue, St. Louis, Missouri 63136.

3. Defendant ARK-LES is a Massachusetts corporation having a place of business located at 95 Mill Street, Stoughton, Massachusetts 02072.

### JURISDICTION

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction over Defendant ARK-LES is proper in this district pursuant and pursuant to the law of the State of Michigan effecting jurisdiction upon Defendant ARK-LES based upon Defendant's contacts with this jurisdiction, including, Defendant's doing business in this district and Defendant's acts of patent infringement in this district.

6. Venue over Defendant ARK-LES is proper in this judicial district under 28 U.S.C. §§ 1391(c), and 1400(b).

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,935,142

7. EMERSON restates the allegations contained in paragraphs 1-6.

8. On August 30, 2005, United States Utility Patent No. 6,935,142 entitled, "Washing Machine Water Control" (the '142 patent), was duly and lawfully issued by the United States Patent and Trademark Office to Thomas A. Musser and Frederick M. Gross. A copy of the '142 patent is attached to this Complaint as Exhibit A.

9. The '142 patent is owned by EMERSON, along with the right to bring suit and recover damages for all past, present and future infringements of any of the rights relating to the '142 patent.

10. Defendant ARK-LES has and is now, without permission from EMERSON, making, using, offering for sale and/or selling devices that fall within the scope of the '142

patent and is thereby directly and/or contributorily infringing the '142 patent and/or inducing others to infringe the '142 patent in violation of 35 U.S.C. §271.

11.     Defendant ARK-LES's infringing activities have been willful and deliberate.

12.     Defendant ARK-LES's infringing activities are directly and proximately causing immediate and irreparable injury to EMERSON for which EMERSON has no adequate remedy at law.

13.     Defendant ARK-LES will continue its infringing activities unless enjoined from doing so by the Court.

14.     Defendant ARK-LES's infringing activities have and continue to directly and proximately cause damages to EMERSON.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff EMERSON ELECTRIC CO. prays that this Court:

A.      Enter judgment for EMERSON against Defendant ARK-LES declaring that it has willfully infringed U.S. Patent No. 6,935,142;

B.      Permanently enjoin and restrain the Defendant ARK-LES, its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with it from infringing, contributorily infringing, or inducing infringement of U.S. Patent No. 6,935,142;

C.      Enter an Order requiring Defendant ARK-LES to file with this Court, and to serve upon EMERSON, or EMERSON's counsel, within thirty (30) days after the entry and service of any injunction issued, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

D. Require that Defendant ARK-LES post an appropriate bond and Order any other appropriate relief to assure compliance with any injunctive provision or other provision Ordered by the Court;

E. Enter an Order directing Defendant ARK-LES, and its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with it, to deliver to this Court or to EMERSON for destruction, or show proof of said destruction, of all infringing products;

F. Order an equitable accounting to determine the profits of and other sums derived by Defendant ARK-LES from the complained of patent infringement and other wrongful acts, and that such amount be paid over to EMERSON as an equitable remedy;

G. Award to EMERSON all damages it has sustained as a result of the Defendants' patent infringement and order that said damages be trebled in accordance with 35 U.S.C. § 284;

H. Enter judgment declaring that this case is exceptional, and that EMERSON is entitled to recover its costs and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

I. Enter judgment granting such other and further relief and damages to EMERSON as justice and equity may require.

**JURY DEMAND**

EMERSON ELECTRIC CO. hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

Dated: April 2, 2007

By: /s/ Richard A. Gaffin
George T. Schooff (P45596)
David P. Utykanski (P47029)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Suite 200
Troy, Michigan 48098
(248) 641-1400
(248) 641-0270 (fax)
Email: gtschooff@hdp.com
       dputykanski@hdp.com

Richard A. Gaffin (P31406)
MILLER, CANFIELD, PADDOCK & STONE, P.L.C.
1200 Campau Square Plaza
99 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8656
(616) 776-6322 (fax)
Email: gaffin@millercanfield.com

*Attorneys for Plaintiff EMERSON ELECTRIC CO.*

GRLIB:511390.1\000000-00000